AO 91 (Rev. 08/09)  Criminal Complaint                                                     AUSA Theodore M. Cooperstein

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>MIGUEL MATEO FELIX,<br>a/k/a "Miguel MATEO-FELIX,"<br>a/k/a "Miguel Mateo FELIX,"<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  16-78-FJL<br>)<br>)<br>) |

**FILED BY CGA** Deputy Clerk
**Jun 13, 2016**
STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Pierce

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __May 29, 2016__ in the county of __Martin__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, U.S.C., Section 1326(a) | Previously Removed Alien Found in the United States |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

*Complainant's signature*

Damian Weston, Deportation Officer, Immigration & Customs Enforcement
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 6/13/16

City and state:  Fort Pierce, Florida          Frank J. Lynch, Jr., Chief U.S. Magistrate Judge
                                                *Printed name and title*

# AFFIDAVIT OF DAMIAN WESTON
## IMMIGRATION CUSTOMS & ENFORCEMENT
## DEPARTMENT OF HOMELAND SECURITY
## ENFORCEMENT AND REMOVAL OPERATIONS

I, Damian Weston, being duly sworn, depose and state that:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over four years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause.

3. On May 29, 2016, Miguel MATEO FELIX, (also known as Miguel MATEO-FELIX and Miguel Mateo FELIX) was arrested on a state offense of operating a motor vehicle without a valid driver's license, in Martin County, Florida. On or about this same date, Miguel MATEO FELIX, using the alias Miguel Mateo FELIX, was also fingerprinted by the Martin County Jail booking officials.

4. On May 29, 2016, I was made aware that Miguel MATEO FELIX had been arrested, in Martin County, in the Southern District of Florida.

5. On June 2, 2016, I received the Immigration file bearing control number A XXX XXX 650, corresponding to Miguel MATEO FELIX. The records located under the Immigration file confirm that Miguel MATEO FELIX is a native and citizen of Guatemala.

6. In addition, the records also show that on or about August 9, 2005, Miguel MATEO FELIX was ordered removed from the United States. A Warrant of Removal/Deportation (Form I-205) was executed on February 25, 2010, and Miguel MATEO FELIX was removed from the United States to Guatemala. The Warrant of Removal/Deportation (Form I-205) executed on February 25, 2010, came as a result of Miguel MATEO FELIX's arrest on February 15, 2010, after failing to report to Immigration and Customs Enforcement authorities in 2005 for removal. Prior to being removed, law enforcement obtained Miguel MATEO FELIX's fingerprint on the Warrant of Removal/Deportation.

7. According to records, Miguel MATEO FELIX has been removed from the United States on five (5) separate occasions: February 25, 2010; January 30, 2013; April 25, 2013; September 20, 2013; and April 28, 2014.

8. A further review of the A-file shows that Miguel MATEO FELIX, on July 1, 2013, was convicted, in the United States District Court, District of Arizona, Tucson Division, of the violation of Title 8 U.S.C. 1325(a)(1), improper entry by alien.

9. I received the Certificate of Nonexistence of Records pertaining to Miguel MATEO FELIX under Alien File Number A XXX XXX 650. The Certificate of Nonexistence of Record confirms that, after a diligent search, no record was found to exist indicating that Miguel MATEO FELIX had obtained consent from either the Attorney General of the United States or the Secretary of the Department of Homeland Security, for readmission into the United States, as required by law.

10. The fingerprints of Miguel MATEO FELIX, using the alias Miguel Mateo FELIX, taken by the Martin County Jail booking officials, on or about May 29, 2016, were compared to the following fingerprints by Richard Abbott, Certified Fingerprint Examiner, Senior Border Patrol Agent, United States Border Patrol, Riviera Beach, Florida:

- The fingerprint on the Warrant of Removal/Deportation (Form I-205) executed on April 28, 2014.

2

After comparing these prints, Senior Border Patrol Agent Abbott determined that the fingerprints on the documents belonged to the same person, Miguel MATEO FELIX.

11. Based on the foregoing, I believe there exists sufficient probable cause to charge Miguel MATEO FELIX with violating Title 8, U.S.C., Section 1326(a).

Further your affiant sayeth naught.

_____
Damian Weston, Deportation Officer
Immigration and Customs Enforcement

Sworn and subscribed to before me this ___13___ day of June, 2016, in Ft. Pierce, Florida.

_____
Frank J. Lynch, Jr.
Chief United States Magistrate Judge